UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY W. WILLMS and DOLLY G. WILLMS, Trustees of the TRUST AGREEMENT DATED SEPTEMBER 26, 1986, BETWEEN HENRY W. WILLMS AND DOLLY G. WILLMS, TRUSTORS; DOLLY G. WILLMS, Trustee of the TRUST AGREEMENT DATED DECEMBER 10, 1982, BETWEEN HENRY W. WILLMS AND DOLLY G. WILLMS, TRUSTORS, | No. 2:07-cv-02366-LKK-GGH |
| Plaintiffs, | |
| v. | **ORDER** |
| SANDERSON COMMUNITIES, INC., formerly known as SANDERSON COMPANY, formerly known as SANDERSON COMPANY, INC., an Oregon corporation; NORTH STAR/GRASS VALLEY LLC, an Oregon limited liability company; and DOES 1 through 35, inclusive, | |
| Defendants. | |

----oo0oo----

///

///

///

1

1    Through the Ex Parte Application for Temporary Restraining
2 Order presently before the Court, Plaintiffs seek to prevent
3 Defendants from further borrowing any monies on behalf of the
4 North Star/Grass Valley LLC, an Oregon limited liability company
5 owned jointly by both Plaintiffs and Defendants.  Plaintiffs
6 further ask that a temporary restraining order issue to preclude
7 Defendants from effectuating any further encumbrances against
8 real property owned by the North Star/Grass Valley LLC.  Finally,
9 Plaintiffs request the Court to enjoin Defendants from disbursing
10 monies in which North Star/Grass Valley LLC holds an interest,
11 including proceeds of timber harvesting conducted on the real
12 property owned by North Star/Grass Valley.
13    Issuance of a temporary restraining order, as a form of
14 preliminary injunctive relief, is an extraordinary remedy, and
15 Plaintiffs have the burden of proving the propriety of such a
16 remedy by clear and convincing evidence.  See Granny Goose Foods,
17 Inc. v. Teamsters, 415 U.S. 423, 442 (1974).  In order to warrant
18 issuance of such relief, certain prerequisites must be satisfied.
19 Under the so-called "traditional" standard, an injunction may be
20 had if the court determines that (1) the moving party will suffer
21 the possibility of irreparable injury if the relief is denied;
22 (2) there is a strong likelihood that the moving party will
23 prevail on the merits at trial; (3) the balance of potential harm
24 favors the moving party; and (4) the public interest favors
25 granting relief.  Johnson v. Cal. State Bd. of Accountancy, 72
26 F.3d 1427, 1430 (9th Cir. 1995)  Under the "alternative"
27 standard, an injunction properly issues when a party demonstrates
28 either: (1) a combination of probable success on the merits and

the possibility of irreparable injury if relief is not granted; or (2) the existence of serious questions going to the merits combined with a balancing of hardships tipping sharply in favor of the moving party.  Id., see also Idaho Sporting Congress, Inc. v. Alexander, 222 F.3d 562, 565 (9th Cir. 2000); Earth Island Institute v. U.S. Forest Service, 442 F.3d 1147, 1158 (9th Cir. 2006).  The requirement for showing a likelihood of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits, with these factors representing two points on a sliding scale.  United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).

The propriety of a temporary restraining order, in particular, hinges on a significant threat of irreparable injury (Simula, Inc. Autoliv, Inc., 175 F.3d 716, 725 (9th Cir. 1999)) that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Application of this standard to the instant matter shows that Plaintiffs have failed to demonstrate their entitlement to a temporary restraining order at the present time.  First, Plaintiffs have proffered no evidence suggesting the likelihood of any imminent harm should injunctive relief not be immediately granted.  Plaintiff's Ex Parte Application was filed on November 5, 2007, yet examination of the papers submitted shows no indication of any alleged improprieties committed by Defendants since September of 2007, some two months ago.

///
///
///

3

1  Indeed, to the extent that Plaintiffs appear to allege that
2  Defendants unilaterally increased the line of credit against the
3  property to $2,000,000, that action appears to have been taken
4  well before September of 2007.  While Plaintiffs allege generally
5  their belief that further unauthorized disbursements may result
6  if an injunction is not granted, they offer no specific evidence
7  that this will immediately occur, and no evidence has been
8  offered of any such disbursements in the last several months.
9  Consequently the imminent harm prong for demonstrating
10 entitlement to emergency injunctive relief in the form of a
11 temporary restraining order has not been established.
12      Second, in terms of the requirement for irreparable harm,
13 such harm generally turns upon a substantial injury that is
14 neither accurately measurable or adequately compensable by money
15 damages.  See, e.g., Ross-Simons of Warwick, Inc. v. Baccarat,
16 Inc., 102 F.3d 12, 18 (1st Cir. 1996).  Here, the available
17 evidence shows nothing beyond a potential injury that certainly
18 is susceptible of redress through the payment of money.[1]
19 Plaintiffs allege that unauthorized loans in sums certain were
20 taken by Defendants against the subject real property.  They
21 further allege that monetary proceeds from timber harvesting has
22 improperly been diverted to Defendants' sole use.
23 ///
24 ///

---

26 [1] The only argument falling outside the adequacy of money damages is Plaintiffs' claim that the real property in question
27 is "unique".  See Pls.' Mem., 5:11-16.  Plaintiffs make no evidentiary showing in that regard beyond the bare assertion of
28 uniqueness, and consequently their assertion in that regard does not demonstrate a loss for which money damages are inadequate.

4

Even assuming Plaintiffs are correct in identifying a danger of further disbursements, any wrongful activity in that regard remains compensable by money, even were Plaintiffs successful in demonstrating an imminent danger of such disbursements, which the Court has concluded they have not.  Finally, while Plaintiffs make an argument that Defendants may be in a precarious financial condition, whether or not Plaintiffs ultimately are able to pay money damages does not also mean that any harm suffered by Plaintiff cannot be measured and/or compensated through the payment of money, as must be the case for emergency injunctive relief to issue.

Based on the foregoing, Plaintiffs' Ex Parte Application for Temporary Restraining Order is accordingly DENIED.

IT IS SO ORDERED.

Dated: November 7, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE