UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY W. WILLMS and
DOLLY G. WILLMS, et al.,

NO. CIV. S-07-2366 LKK/GGH

    Plaintiffs,

  v.                                    O R D E R

SANDERSON COMMUNITIES, INC.
et al.,

    Defendants.
_____/

Pending before the court is plaintiff's motion to refer the action in this court to the bankruptcy court. For the reasons stated herein, the court grants the motion.

## I. BACKGROUND[1]

Plaintiffs filed suit in the court on November 2, 2007. Their complaint alleges, briefly, that they are trustees who acted on behalf of the trust in entering into a financial

---

[1] Unless otherwise stated, all background facts derive from the Complaint and are taken as true for the purposes of this motion only.

1

relationship with defendants, who were involved in the development of a parcel of real property in California. Plaintiffs' trust allegedly advanced defendants credit in exchange for an ownership interest in defendant North Star / Grass Valley. The relationship between plaintiffs and defendants soured due to alleged misconduct and misrepresentations on the part of the defendants and their agent. Plaintiffs then brought suit in this court for breach of fiduciary duty, declaratory relief, breach of contract, breach of implied covenant of good faith and fair dealing, accounting and injunctive relief.

Defendants answered and asserted counterclaims for breach of fiduciary duty and declaratory relief.[2] On November 13, 2008, defendant North Star / Grass Valley LLP filed a notice of having filed a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of California. Pending before the court is plaintiffs' motion to refer the instant suit to the bankruptcy court, and defendants' opposition thereto.

## II. STANDARD

A district court shall refer to the bankruptcy court all proceedings arising under title 11 and related proceedings. 28 U.S.C. § 157(a). The bankruptcy court may determine cases arising under title 11 and all "core" matters related thereto. Id. § 157(b)(1); see also N. Pipeline Constr. Co. v. Marathon Pipeline Co., 458 U.S. 50 (1982) (plurality opinion).

---

[2]The defendants had also asserted a counterclaim for breach of contract, which was dismissed.

2

**III. ANALYSIS**

Plaintiffs move to refer the action in this court to the bankruptcy court on the grounds that they are "core" matters, over which the bankruptcy court's jurisdiction is proper. The bankruptcy court may hear and determine all matters that are core proceedings under 28 U.S.C. § 157. Section 157 describes what constitutes a "core" proceeding. 28 U.S.C. § 157(b)(2). It includes, for example, the allowance or disallowance of claims against the estate and counterclaims by the estate against a person filing claims against the estate. Id. § 157(b)(2)(B)-(C).

Although neither party addresses this in their briefing, section 157 requires that the determination of whether a matter is a core proceeding be performed by the bankruptcy judge:

> The bankruptcy judge shall determine . . . whether a proceeding is a core proceeding under [28 U.S.C. § 157(b)] or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by state law.

28 U.S.C. § 157(b)(3). When the bankruptcy court has not made that determination, remand to that court is appropriate. See, e.g., In re. Keislich, 216 B.R. 643, 644 (D. Nev. 1998); Matter of Astroline Commc'ns Co. Ltd. P'ship, 161 B.R. 874, 877-78 (D. Conn. 1993); Eubanks v. Esenjay Petroleum Corp., 152 B.R. 459, 462 (E.D. La. 1993); In re. 1733 Ridge Road East, Inc., 125 B.R. 722, 724 (W.D.N.Y. 1991); In re. Michigan Real Estate Ins. Trust, 87 B.R. 447, 452-53 (E.D. Mich. 1988); In re. Soonyco Coal, Inc., 89 B.R. 648, 663 (Bankr. S.D. Ohio 1988) re'vd on

other grounds by 131 B.R. 799 (S.D. Ohio 1990).[3]

Here, plaintiffs assert that "judicial economy and substantial justice" require that the action in this court be referred to the bankruptcy court, because plaintiffs allege an ownership interest in the defendant who is the debtor in the bankruptcy proceeding. See Mot. for Refer Action to Bank. Court at 4. This determination, however, has not been made by the bankruptcy court, as is required by statute. See 28 U.S.C. § 157(b)(3). The matter is therefore referred to the bankruptcy court to make that determination. If the bankruptcy court determines that the instant suit is a core matter, that court will retain jurisdiction over it. If it concludes that it is non-core, then the reference will be withdrawn.

**IV. CONCLUSION**

In accordance with the analysis herein, the court GRANTS the plaintiffs' motion to refer the action to the bankruptcy court.

IT IS SO ORDERED.

DATED: March 19, 2009.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] In re Mitchell, 206 B.R. 204 (Bankr. C.D. Cal. 1997), which plaintiff cites, does not contradict this approach, as that case addressed the narrow question of whether, if a district court were to refer a case to the bankruptcy court, whether that act would be considered "removal" under 28 U.S.C. § 1452.

4